UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      PLAINTIFF,

V.

EASTMAN KODAK COMPANY,

      DEFENDANT.

CIVIL ACTION NO. _____

06 CV 6489 CJS (F)

## CONSENT DECREE

This Consent Decree is being filed simultaneous with a Complaint brought by Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission"), an agency of the United States Government, against Defendant Eastman Kodak Company ("Kodak"). The EEOC alleges in the Complaint that certain provisions of the releases and waivers used by Kodak: (i) explicitly prevented signing employees from assisting other employees and/or entities with their claims of discrimination; (ii) required signing employees to repay any severance payments, and forfeit the right to any future payments, if they breached the agreement; and (iii) required employees to pay Kodak's attorney costs and fees if they breached the agreement, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq. ("ADEA").

The EEOC and Kodak hereto desire to settle this action, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between the parties and their successors or assigns. This Decree resolves all matters related to Civil Action 06-CV-6489, now pending in the United States District Court for the Western District of New York. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court. No waiver, modification or amendment of any provision of this Consent Decree shall be

1

effective unless made in writing, approved by all parties to this Consent Decree and approved or ordered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore **ORDERED, ADJUDGED AND DECREED that:**

## I. **PREFATORY MATTERS**

1. This Consent Decree resolves all issues raised in the Complaint filed by the EEOC in the instant matter. As a result of this Consent Decree, the EEOC will cease processing of EEOC Charge Number 165-2004-01416, the charge upon which the EEOC's Complaint in the instant matter is based. Other than EEOC Charge Number 165-2004-01416, this Consent Decree does not resolve any charge of discrimination currently pending before the EEOC, or any charge that may be filed in the future.

2. The execution and acceptance of this Consent Decree by Kodak is voluntary and does not and shall not constitute in any manner, or be presumed, construed or deemed to be an admission of liability, fault, wrongdoing, or misconduct, of any kind, by Kodak in connection with the utilization of any release or any waiver, and may not be used in evidence for any purpose in any litigation except to enforce the Consent Decree. Kodak expressly denies any and all liability or wrongdoing in connection with its releases or waivers. It is Kodak's express position that the terms of its releases and waivers, as they currently exist, are lawful, valid, and enforceable and do not violate any statute, including Title VII and the ADEA, or public policy.

3. The EEOC and Kodak agree, and the Court finds, that this Court has jurisdiction over the subject matter of this action and the parties to this action, that venue is proper, and that all administrative prerequisites have been met. No party shall contest the validity of this Decree or the jurisdiction of this Court to enforce this Decree and its terms.

4. This Decree is issued with the consent of the parties.

5. The EEOC and Kodak agree that this Consent Decree constitutes the complete agreement between the EEOC and Kodak with respect to the matters referred to herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by all Parties to this Decree, and approved or ordered by the Court.

6. Kodak represents that it has not sought to enforce the specific provisions of its releases or waivers which are the subject of this Action.

## II.   INJUNCTIVE RELIEF

7. Kodak is hereafter permanently enjoined from offering any release or waiver of claims which contains a provision which prevents its former employees from assisting other individuals or entities (including but not limited to the EEOC) with their claims of discrimination in any fashion. This includes, but is not limited to, claims of discrimination that are inchoate, filed with an administrative agency (including but not limited to the EEOC), claims filed in Court, and/or any other forum.

8. Kodak is hereafter permanently enjoined from seeking to enforce, in any forum whatsoever, any provision of any release or waiver which could have been construed to prevent its former employees from assisting other individuals or entities (including but not limited to the EEOC) with their claims of discrimination in any fashion.

9. As of the date of the entry of this Decree, Kodak agrees to use the following language in implementing any future release or waiver:

"Except as described below, you agree and covenant not to file any suit, charge or complaint against Releasees in any court or administrative agency, with regard to any claim, demand, liability or obligation arising out of your employment with Kodak or separation therefrom. You further represent that no claims, complaints, charges, or other

proceedings are pending in any court, administrative agency, commission or other forum relating directly or indirectly to your employment by Kodak.

Nothing in this Agreement shall be construed to prohibit you from filing a charge with or participating in any investigation or proceeding conducted by the EEOC or a comparable state or local agency. Notwithstanding the foregoing, you agree to waive your right to recover monetary damages in any charge, complaint, or lawsuit filed by you or by anyone else on your behalf."

10. Within 10 business days of the date of the entry of this Decree, Kodak will inform the appropriate personnel who are responsible for implementing and administering any release or waiver of the requirements of this Decree and amendments to any release or waiver.

### III. TRAINING

11. Commencing within 60 days and concluding within 365 days of the entry of this Decree, Kodak will provide one hour of training to all managers, supervisors, and human resources employees, regarding the laws enforced by the EEOC. Said training will include, at a minimum: (i) the applicability of the federal anti-discrimination laws to releases or waivers of claims; (ii) the Commission's regulations on waivers, codified at 29 C.F.R. §1625.22 and 29 C.F.R. §1625.23; (iii) the Commission's Enforcement Guidance on Non-Waivable Employee Rights Under Equal Employment Opportunity Commission (EEOC) Enforced Statutes, EEOC Notice 915.002 (April 10, 1997), (iv) the Supreme Court's decision in Baker by Thomas v. General Motors Corp., 522 U.S. 222 (1998); and (v) the anti-retaliation provisions of Title VII and the ADEA. The training shall be developed by working closely with Nixon Peabody, LLP, who shall approve its final content.

IV. **NOTICE TO FORMER EMPLOYEES WHO HAVE EXECUTED WAIVERS AND EMPLOYEES WHO HAVE RECEIVED BUT NOT YET EXECUTED WAIVERS**

12. Within 30 days of the entry of this Decree, Kodak will send a copy of a letter, in the form appended as Attachment A, to the last known address of all former employees who signed a release pursuant to Kodak's Termination Allowance Plan ("TAP"), explaining that it would not be used by Kodak to prevent employees from assisting other individuals or entities (including but not limited to the EEOC) with their claims of discrimination in any fashion.

13. Within 120 days of the entry of this Decree, Kodak will conduct a reasonable review of any other centrally maintained severance agreements executed within the past five years of the date of this Decree, and send a copy of a letter, in the form appended as Attachment A, to the last known address of all former employees who signed such agreements which contain what could be considered a non-assistance provision, explaining that such provision would not be used by Kodak to prevent employees from assisting other individuals or entities (including but not limited to the EEOC) with their claims of discrimination in any fashion.

14. Within ten days of the entry of this Decree, Kodak will inform employees who have received, but not yet executed, TAP Releases or severance agreements, that the Release or agreement would not be used by Kodak to prevent employees from assisting other individuals or entities (including but not limited to the EEOC) with their claims of discrimination in any fashion by mailing a new release or waiver with the revised language in paragraph 9 above, to the last known address of all such employees.

15. Within ten days of the entry of this Consent Decree, Kodak will amend its releases and waivers, as provided in paragraph 9 above, and begin issuing and using such amended releases and waivers to any affected employees.

V.     **ANTI-RETALIATION CLAUSE**

16.    Kodak will not retaliate against the Charging Party who filed EEOC Charge Number 165-2004-01416 or any other person because that person provided information or assistance, or participated in any other manner, in the filing, investigation, or litigation of EEOC Charge Number 165-2004-01416 or this lawsuit.

VI.    **LEGAL COSTS AND FEES**

17.    The EEOC and Kodak shall each bear their respective attorneys' fees and costs.

VII.   **DURATION OF DECREE**

18.    With the exception of Paragraphs 7 and 8, this Decree shall remain in effect for two years. Paragraphs 7 and 8 are permanent injunctions.

## VIII. PROOF OF COMPLIANCE

19. Within 30 days of the completion of the training set forth in Paragraph 11 of this Decree, an officer of Kodak shall file an affidavit with the Court averring that Kodak has complied with all the terms of this Decree.

ENTERED this \_\_\_5\_\_\_ day of \_\_OCT\_\_ 2006.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO BY THE PARTIES:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

_____
Elizabeth Grossman
Regional Attorney, New York District Office
33 Whitehall St., 5th Floor
NY, NY 10004-2112
(212) 336-3696 (phone)
(212) 336-3623 (fax)
Elizabeth.Grossman@eeoc.gov


EASTMAN KODAK COMPANY

_____
COUNSEL FOR DEFENDANT
~~Jennifer B. Rubin~~ Kevin Ainsworth
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
Chrysler Center
666 Third Avenue
New York, NY 10017
(212) 692-6766 (phone)
(212) 983-3115 (fax)

JBRubin@mintz.com